ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 JAN 31 AM 8:20

CLERK _____
SO. DIST. OF GA.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | |
|---|---|
| RODRIGUEZ DEWAYNE STEWART, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | CV 105-84 |
| ) | (CR 103-87) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant filed a motion to vacate, set aside, or correct his sentence under Title 28, United States Code, Section 2255. The government has filed its response to the motion. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the Section 2255 motion be **DENIED,** and that this civil action be **CLOSED**.

### I. BACKGROUND

On January 22, 2004, movant waived his right to an indictment and entered a plea agreement under which he pleaded guilty to a single count information charging him with distribution of eight grams of cocaine base in violation of Title 21, United States Code, Section 841(a)(1). After his plea hearing, a United States Probation Officer prepared a Presentence Investigation Report ("PSR") recommending that 158 grams of cocaine base be attributed to movant. Based on that quantity of cocaine base and movant's criminal history,

the Probation Officer recommended a Sentencing Guidelines range of 262 to 327 months in prison.

At his sentencing hearing, movant stated that he had no objection to the facts or Guidelines range determinations contained in the PSR. Upon recommendation of the government, the sentencing judge granted movant a downward departure under United States Sentencing Guidelines Section 5K1.1 and sentenced him to 188 months in prison. The sentencing judge issued the judgment on June 8, 2004. Movant did not file an appeal.

Movant filed a Section 2255 motion on May 23, 2005. In the motion he claims that the statute under which he was sentenced is unconstitutional and that his plea agreement is unenforceable.

## II. DISCUSSION

While movant does not cite a case supporting his argument that he was sentenced under an unconstitutional statute, the government infers that he relies upon Booker v. United States, 543 U.S. 220, 125 S. Ct. 738 (2005), where the Court held that the Sentencing Guidelines are unconstitutional as applied mandatorily under Title 18, United States Code, Section 3553. The Eleventh Circuit has recognized that neither Booker nor its predecessor, Blakely v. Washington, 542 U.S. 296 (2004), is retroactively applicable to cases on collateral review. Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005).

The district judge entered judgment in movant's case on June 8, 2004. His conviction became final on June 22, 2004, after the time for filing a notice of appeal had elapsed. Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000) (recognizing that conviction

becomes final after time for notice of appeal has elapsed). The Supreme Court issued both Blakely (June 24, 2004) and Booker (January 12, 2005) after movant's conviction became final. Thus, the rule of neither case was available at the time of movant's conviction, and, because neither rule is available retroactively, movant should not obtain Section 2255 relief under either rule.[1]

Movant also may not obtain relief because he failed to object at his sentencing hearing to the Guidelines calculation contained in his PSR. Doc. 20, Sent. Tr. at 3-9. Where a defendant is given the opportunity to review and raise objections to his PSR, his failure to do so at sentencing precludes him from challenging the PSR in a Section 2255 motion. United States v. Peloso, 824 F.2d 914, 915 (11th Cir. 1987); Montemoino v. United States, 68 F.3d 416 (11th Cir. 1995). Movant was given the opportunity to object to the facts contained within the PSR in this case, and he did not do so. Movant cannot raise the issue for the first time on collateral review.

## III. CONCLUSION

For the foregoing reasons, the Court finds that movant is not entitled to relief under Section 2255. The Court therefore **REPORTS** and **RECOMMENDS** that the Section 2255 motion be **DENIED,** and that this civil action be **CLOSED.**

---

[1] To the extent that movant intends to rely exclusively on Apprendi v. United States, 530 U.S. 466 (2000), where the Court held that any fact, other than a prior conviction, necessary to support a sentence exceeding a statutory maximum must be admitted by the defendant or proved to a jury beyond a reasonable doubt, he may not obtain relief because his sentence, 188 months, is less than the thirty-year statutory maximum for Section 841(a) offenses where a defendant, like movant here, has a prior felony drug offense.

SO REPORTED and RECOMMENDED this 31ST day of January, 2006, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE