IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

UNITED STATES OF AMERICA  *
                          *
v.                        *    CR 103-087
                          *
RODRIGUEZ DEWAYNE STEWART  *

## O R D E R

The captioned case is before the Court on Defendant Rodriguez Dewayne Stewart's *pro se* motion seeking relief from the Court's judgment in his criminal case. (Doc. no. 32.)

Pursuant to a negotiated plea agreement, Defendant was convicted of distributing more than five (5) grams of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1). (See doc. nos. 7, 8.) On May 26, 2004, the Court sentenced Defendant to 188 months of imprisonment, five (5) years of supervised release, and a $100 special assessment. (Doc. no. 14.) Defendant did not file a direct appeal.

On May 23, 2005, Defendant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Stewart v. United States, CV 105-084 (S.D. Ga. May 23, 2005). The Court denied Defendant's § 2255 motion on February 28, 2006. Id. at doc. nos. 8, 9. Defendant appealed, but the

Court of Appeals denied him a certificate of appealability. Id. at doc. nos. 10, 13.

On June 21, 2007, Defendant filed the instant motion, ostensibly pursuant to Fed. R. Civ. P. 60(b)(6), arguing that under the dictates of Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), he should have been sentenced on the basis of eight (8) grams of cocaine rather than the 158 grams which were attributed to him. (See doc. no. 32.) However, despite Defendant's arguments regarding the applicability of Fed. R. Civ. P. 60(b)(6), the instant motion is the functional equivalent of a successive § 2255 motion filed without permission from the Court of Appeals.[1] A Rule 60 motion is properly treated as a successive § 2255 motion when the motion brings a substantive challenge to the movant's conviction or sentence. See Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005) (explaining application of successive petition rule in cases under 28 U.S.C. § 2254); see also United States v. Terrell, 141 Fed. Appx. 849, 851 (11th Cir. 2005)(per curiam) (applying Gonzalez

---

[1] To the extent Defendant asserts that it is improper for the Court to consider his motion the functional equivalent of a § 2255 motion without providing him with prior notice of the Court's intention (see doc. no. 43 at 1-5), Defendant is mistaken. The dictates of Castro v. United States only apply when a court recharacterizes a pro se litigant's motion as a first § 2255 motion, not when a pro se litigant files the equivalent of a second or successive § 2255 motion. 540 U.S. 375, 383 (2003).

2

to § 2255 motion). Here, Defendant does not actually request relief under Fed. R. Civ. P. 60, but rather attempts to use the Rule as a procedural vehicle for substantive attacks on his sentence. This is improper.

Having determined that the instant Rule 60 motion is the functional equivalent of a successive § 2255 motion, the Court must **DISMISS** the motion. Without authorization from the Court of Appeals, this Court lacks jurisdiction to consider second or successive § 2255 motions. See, e.g., Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). Accordingly, Defendant's motion is **DENIED** and **DISMISSED**. (Doc. no. 32.)

**ORDER ENTERED** at Augusta, Georgia, this 6th day of August, 2007.

_____
UNITED STATES DISTRICT JUDGE

# United States District Court
## Southern District of Georgia

UNITED STATES OF AMERICA   *

  vs.   *   CASE NO. 1:03-cr-87

RODRIGUEZ DEWAYNE STEWART *

  *

  *

The undersigned, a regularly appointed and qualified deputy in the office of this Clerk of this District, while conducting the business of the Court for said Division does hereby certify the following:

1. Pursuant to instructions from the court, and in the performance of my official duties, I personally placed in the U.S. Mail a sealed envelope bearing the lawful frank of the Court, and properly addressed to each of the persons, parties or attorneys listed below; and

2. That the aforementioned envelope(s) contain a copy of the documents known as order _____ dated 8/6/07 _____, which is part of the official records of this case.

Date of Mailing: 8/6/07
Date of Certificate: 8/6/07

SCOTT L. POFF, CLERK

By _L. Jenkins_

NAME:
1. Rodriguez Dewayne Stewart
2. 
3. 
4. 
5. 
6. 
7. 

Cert/Copy
- ☐ ☒ District Judge
- ☐ ☐ Magistrate Judge
- ☐ ☐ Minutes
- ☐ ☒ U.S. Probation
- ☐ ☐ U.S. Marshal
- ☐ ☒ U.S. Attorney
- ☐ ☐ JAG Office

Cert/Copy
- ☐ ☐ Dept. of Justice
- ☐ ☐ Dept. of Public Safety
- ☐ ☐ Voter Registrar
- ☐ ☐ U.S. Court of Appeals
- ☐ ☐ Nicole/Debbie
- ☐ ☐ Ray Stalvey
- ☐ ☐ Cindy Reynolds